Dear Senator Bild:
You recently requested an opinion from this office as to whether the St. Louis County Board of Equalization has the authority to change the formula by which the merchants' and manufacturers' tax is calculated without the submission of such formula change to the voters of St. Louis County.
The Hancock Amendment was adopted by the electorate on November 4, 1980, and added §§ 16 through 24 to Article X of the Missouri Constitution. Art. X, § 22(a), concerns the imposition of increased tax burdens by a political subdivision and provides in pertinent part as follows:
 Counties and other political subdivisions are hereby prohibited from levying any tax, license or fees, not authorized by law, . . . when this section is adopted or from increasing the current levy of an existing tax, license or fees, above that current levy authorized by law . . . when this section is adopted without the approval of the required majority of the qualified voters of that county or other political subdivision voting thereon. . . .
Information supplied to us through your request and by the St. Louis County Board of Equalization indicates that the rules regarding allowable depreciation in connection with the merchants' license tax under Chapter 150, RSMo 1978, have been changed since November 4, 1980, the adoption date of the Hancock Amendment. Primarily, the rule change abolishes a first year depreciation allowance previously available to merchants responsible for payment of the tax. The point upon which the resolution of your question turns, therefore, is whether or not this amendment to the assessment formula — without an increase in the rate of the current levy — constitutes the levying of a tax not authorized by law or an increase in the current levy of an existing tax by St. Louis County such that voter approval would be required.
While we know of no prior Missouri decisions bearing on the precise point, we believe that the plain wording of Art. X, § 22(a) excludes this type of assessment procedure modification from the requirement of voter approval contained in that section.
CONCLUSION
It is the opinion of this office that the change by the St. Louis County Board of Equalization in the formula for calculation of the merchants' and manufacturers' tax does not constitute an increase in the levy of an existing tax or the imposition of a new tax and need not, therefore, be submitted for voter approval according to the Hancock Amendment.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Christopher M. Lambrecht.
Yours very truly,
 JOHN ASHCROFT Attorney General